**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: August 26 2009

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: Heather A. Ladd, | ) | Case No.: 09-30917 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | Hon. Mary Ann Whipple |
| | ) | |
| | ) | |
| | ) | |

### ORDER

The court held a hearing on August 25, 2009, on Debtor's counsel's motion to refund the filing fee paid for a second motion to reopen this case ("Motion") [Doc. # 13]. Counsel appeared in person at the hearing.

Absent in forma pauperis status and certain other limited situations not applicable here, parties in bankruptcy cases must pay the filing fees prescribed by Congress and the Judicial Conference of the United States. 28 U.S.C. § 1930(a), (b). The Judicial Conference has prescribed a filing fee of $260 that must be paid and is due upon the filing of a motion to reopen a closed case.

On June 24, 2009, a motion to reopen the captioned Chapter 7 case, which had been closed without discharge due to the absence of compliance with the financial management education requirements of the Bankruptcy Code, was filed on behalf of Debtor. The requisite $260 filing fee was charged and paid. The motion was electronically filed by counsel as an "agreed" motion in the docket text. [Doc. # 11]. However, it was not an agreed motion. On June 25, 2009, at 10:17 a.m., as part of her quality control duties, the

assigned docket clerk properly noted on the docket a corrective entry that stated the motion was not an agreed motion; it was simply a motion. The concluding words of the corrective docket entry were "No other action required." This corrective entry was electronically transmitted to counsel. At 11:33 a.m. that day a second motion to reopen was filed, which generated a second filing fee of $260 that was electronically paid. This is the fee that counsel seeks to have refunded.

The basis for the motion is that counsel's staff filed the second motion after at least a couple of attempts to talk by telephone with a docket clerk ended unsuccessfully upon being told that the "help desk" clerk was on vacation, resulting in the second filing occurring due to "miscommunication, excuse and inadvertence." The court finds that these are not grounds under the applicable authorities for a refund of the fee paid.

Under § 1930(f)(3), bankruptcy courts are permitted to "waive" fees required under the statute on grounds not otherwise specified therein by Congress "in accordance with Judicial Conference policy." Judicial Conference policy limits fee refunds as follows:

> The Judicial Conference prohibits refunding the fees due upon filing. The Conference prohibits the clerk from refunding these fees even if the party filed the case in error, and even if the court dismisses the case or proceeding. Nevertheless, the clerk must refund any fee collected without authority. For example, the clerk has no authority to collect a fee to reopen a case unless the case is closed. Consequently, the clerk must refunds a fee to reopen if the parties discover later that the case was open.

Bankruptcy Fee Compendium III (August 2007), ¶ A.9, p11. Recognizing that the electronic filing environment in which all bankruptcy courts now operate raises different administrative issues as to the no refund policy than the traditional manual filing environment, the Judicial Conference has also authorized courts to develop local procedures as follows:

> **Develop Local Procedures**. Although the Judicial Conference still prohibits refunds generally, judges, in conjunction with their clerks, may develop procedures addressing CM/ECF refunds.

*Id.*, ¶ A.9.A.(1), p. 12. In this district, the court has adopted General Order 05-2 addressing filing fee refund procedures, as follows:

> Upon review of the Judicial Conference policy, neither the Clerk of the Bankruptcy Court nor the Bankruptcy Judge(s) has the authority to permit refund of fees due upon filing except for fees collected without authority or due to administrative error on the part of the clerk's office....IT IS ORDERED that refunds will not be permitted on fees due upon filing, even if the party files the document in error and even if the court dismisses the case or pleading."

Under the statute, Judicial Conference Policy and local procedure, the standard for court authorization to

2

allow the refund of a filing fee is twofold: the fee was collected without authority or the fee was collected due to administrative error on the part of the clerk's office.

The filing fee in issue was not collected without authority, as the case was closed and a second motion to reopen was filed, properly generating the requirement that the fee be paid.

Nor was the payment of the fee for filing the second motion to reopen due to administrative error on the part of the clerk's office in the court's view. The docket text for the first motion as created by counsel's staff was incorrect. That problem was then properly addressed by the corrective entry on June 25, which specifically stated that "No other action was required." Counsel was not at that time aware of the applicable docket entries and there was no consultation between counsel's staff and counsel before the second motion to reopen was filed approximately one hour and fifteen minutes after the corrective entry was made. Under the circumstances, including specifically a clarifying docket entry that states "No other action required," the specified communication that should have occurred before the filing in question was between staff and counsel, not staff and the clerk's office. At the hearing, counsel confirmed that so such communication occurred. The unnecessary filing of the second motion to reopen, and the fee that resulted therefrom, was not due to the inability, however unfortunate, to speak with a help desk clerk on vacation.

Since the payment of the fee did not result from either its unauthorized collection or administrative error by the clerk's office, the court will not permit refund of the $260 filing fee and the motion will be denied.

**THEREFORE,** based on the foregoing reasons and authorities and as otherwise stated by the court on the record at the hearing, good cause appearing,

**IT IS ORDERED** that the Motion [Doc. # 13] is **DENIED.**

3

09-30917-maw    Doc 22    FILED 08/26/09    ENTERED 08/26/09 15:22:23    Page 3 of 3